STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CW 1549

OLIVIA LYN BEAN AND TRESHAWN DARAIE DAVIS

VERSUS

EMILY POUNDS AND REID POUNDS

*Consolidated with*

IN RE: EMILY AND REID POUNDS
APPLYING FOR PRIVATE ADOPTION [OF A.G.B.][1]

Judgment Rendered:  **MAR 3 0 2022**

* * * * *

On review from the Twenty-Second Judicial District Court
In and for the Parish of Washington
State of Louisiana

Docket Number 114,862 c/w 115,132, Div. K

The Honorable Patrice w. Oppenheim, Judge Presiding

* * * * *

Bernadette Rocco Lee
Sheila Willis
Edith Henderson Morris
Suzanne Ecuyer Bayle
New Orleans, LA

Counsel for Plaintiffs/Relators,
Olivia Lyn Bean and Treshawn
Daraie Davis

Mark L. James
Franklinton, Louisiana

Counsel for Defendants/Respondents,
Emily Pounds and Reid Pounds

* * * * *

BEFORE:  WHIPPLE, C.J., PENZATO, AND HESTER, JJ.

---

[1] The initials of the minor child are used to protect and maintain the privacy of the minor child involved in this proceeding. See Uniform Rules of Louisiana Courts of Appeal, Rule 5-1 and Rule 5-2.

**HESTER, J.**

In this writ application, plaintiffs, Olivia Lyn Bean and Treshawn Daraie[2] Davis, seek review of two judgments rendered by the trial court on the same day granting a peremptory exception of *res judicata* filed by defendants, Emily Pounds and Reid Pounds, denying plaintiffs' supplemental petition for custody of their biological child, A.G.B., and denying plaintiffs' request that the trial court disapprove voluntary acts of surrender executed by plaintiffs for the adoption of A.G.B. by the defendants. For the following reasons, we grant the writ application, reverse the portion of the trial court's judgment granting defendants' exception of *res judicata*, and deny the exception of *res judicata*. We vacate the portion of the trial court's judgment denying plaintiffs' supplemental petition for custody and plaintiffs' request that the court disapprove their voluntary surrenders, and remand this matter to the trial court to review the voluntary surrenders executed by plaintiffs and make a determination as to their sufficiency, as required by La. Ch. Code art. 1131(D), within 30 days from the date of issuance of this judgment.

## FACTS AND PROCEDURAL HISTORY

On April 30, 2020, A.G.B. was born to Olivia Lyn Bean and Treshawn Daraie Davis. Four days later, on May 4, 2020, Bean and Davis signed voluntary acts of surrender for the adoption of A.G.B. by defendants, Emily Pounds and Reid Pounds (collectively, "Poundses"). According to the parties, A.G.B. has remained in the physical custody of the Poundses since her birth.

On May 28, 2020, less than a month after signing the voluntary surrenders, Bean and Davis sought to revoke their surrenders by filing an "Objection to Adoption" in Washington Parish.[3] Bean and Davis alleged they are the biological

---

[2] Treshawn Daraie Davis' middle name is sometimes misspelled as "Dardie" in the record.

[3] Bean and Davis' objection to adoption was assigned to a different division than the instant matter.

parents of A.G.B. and stated they "**revoke any previous consent to adoption and object to any adoption of** [A.G.B.]." (Emphasis in original). The record before us does not contain evidence regarding the disposition of Bean and Davis's objection to adoption.

On July 13, 2020, Bean and Davis initiated the instant matter by filing a "Petition for Custody" naming Emily Pounds and Reid Pounds as defendants. The case was assigned trial court docket number 114,862 and was allotted to Division "K" of the Twenty-Second Judicial District Court. In their petition for custody, Bean and Davis alleged they are A.G.B.'s biological parents, and the Poundses have physical custody of A.G.B. "subject to an unfiled Adoption." Bean and Davis requested the trial court "establish custody of [A.G.B.] in accordance with Louisiana law."

Following a conference on October 6, 2020, a hearing officer issued a report recommending A.G.B. be returned to Bean and Davis, finding no adoption proceedings had been initiated by the Poundses, and further finding "no legal authority for them to exercise custody." On October 12, 2020, the Poundses filed an objection to the hearing officer's report, alleging A.G.B. would be in danger if returned to Bean and Davis, and stating that an application for adoption would be filed.

On October 13, 2020, the Poundses filed an "Application for Court Approval of Adoptive Placement" requesting A.G.B. be placed for adoption with the Poundses. The Poundses' application for adoption was assigned trial court docket number 115,132 and was allotted to Division "K" of the Twenty-Second Judicial District Court. The Poundses attached the following documentation to their application for adoption: (1) the voluntary surrenders executed by Bean and Davis on May 4, 2020; (2) documents related to criminal background checks for Emily Pounds and Reid Pounds; (3) an "Adoption Assessment" of Bean completed by

3

Angelle Escousse, a licensed clinical social worker; and (4) an affidavit by Escousse wherein she attested that she met with Bean "in a two-hour clinical session" on May 4, 2020. The Poundses also attached an affidavit by Julie M. Knight, the attorney who signed Bean's voluntary surrender as her attorney. In her affidavit, dated October 6, 2020, Knight attested to the fact that she did not represent the Poundses at any time, and stated "[i]f the surrender has that I did represent both it is a typographical error."[4] Knight also stated she was not employed by "Mr. Arata" and only used his law office to interview clients in the Washington Parish area.[5] The Poundses also attached to their application for adoption a proposed order for the trial court to approve Bean's and Davis's voluntary surrenders. The proposed order submitted by the Poundses was not signed by the trial court.

On October 15, 2020, Bean and Davis filed a "Natural Parents' Opposition to Adoption and Motion to Dissolve Acts of Surrender." Bean and Davis' opposition contained the caption of the adoption proceedings, but the trial court docket number of the custody case (trial court docket no. 115,132). Bean and Davis alleged they are the biological parents of A.G.B. and expressly "revoke[d] **any previous consent to adoption, Acts of Surrender, and object and oppose any adoption of [A.G.B.].**" (Emphasis in original). Bean and Davis moved the trial court to deny the Poundses additional time to file Bean's and Davis' voluntary surrenders, pointing out that under La. Ch. Code art. 1131(C), the Poundses had three days after execution of the voluntary surrenders on May 4, 2020, to file them with the trial court. Bean and Davis noted that the Poundses waited more than 160 days after execution of the voluntary surrenders to file them, and failed to request leave of court with good cause shown for the delay, as required by La. Ch. Code art. 1131(C).

---

[4] Davis's voluntary surrender was signed by Bryan A. Harris as Davis's attorney and Knight as "ATTORNEY FOR ADOPTIVE PARENTS[.]"

[5] The record indicates William Arata represented the Poundses in connection with a protective order sought by the Poundses against Bean.

Bean and Davis included in their opposition to adoption a motion asking the trial court to dissolve their voluntary surrenders based on multiple deficiencies in both the substance of the surrenders and the procedures utilized to execute them, in contravention of the applicable Louisiana Children's Code articles. In particular, Bean asserted her voluntary surrender fails to comply with La. Ch. Code art. 1120 because she only participated in one, not two, pre-surrender counseling sessions with a licensed clinical social worker prior to executing her voluntary surrender. Bean also argued it was unclear whether she was represented by independent legal counsel at the time she executed the voluntary surrender, as required by La. Ch. Code art. 1121, because while her voluntary surrender states that she was represented by Knight at the time of execution, Davis's voluntary surrender lists Knight as the attorney for the Poundses.

Bean also asserted her voluntary surrender fails to comply with several of the statutory requirements set forth in La. Ch. Code art. 1122. In particular, Bean's voluntary surrender does not list Davis as A.G.B.'s biological father, or provide his current address, although that information was known to all parties at the time, especially considering the fact Davis executed his voluntary surrender the same day as Bean and at the same law office. Additionally, Bean noted her voluntary surrender does not contain the signature of the adoptive parents, the Poundses, or their attorney. Lastly, and possibly most problematic, Bean pointed out that her voluntary surrender fails to comply with La. Ch. Code arts. 1122 and 1130 because it was executed only four days after A.G.B.'s birth.

Davis moved to dissolve his voluntary surrender on the basis that it fails to comply with La. Ch. Code art. 1120, because he never attended any pre-surrender counseling sessions, although his voluntary surrender incorrectly states that he completed two pre-surrender counseling sessions. Davis argued his voluntary surrender fails to reflect that he was represented by independent legal counsel, as

5

required by La. Ch. Code art. 1121, because the attorney who represented him at the time, Bryan Harris, is believed to have been an employee or associate of Arata and Arata, the law firm representing the Poundses. Davis noted his voluntary surrender does not contain the signature of the adoptive parents, the Poundses, or their attorney, as required by La. Ch. Code art. 1122. Davis also pointed out that his voluntary surrender incorrectly states that it was executed prior to the birth of A.G.B., but was actually executed four days after her birth.

On October 26, 2020, the Poundses filed an "Exception of Prescription for Annulment or Attack on Voluntary Surrender" in Bean and Davis's custody suit (trial court docket no. 114,862). The Poundses argued that under La. Ch. Code art. 1148, Bean and Davis had only 90 days after execution of their voluntary surrenders to bring an action to annul the surrenders. The Poundses further asserted the 90-day time limitation set forth in La. Ch. Code art. 1148 is peremptive, and applies to any action to annul a voluntary surrender, for any reason. Accordingly, the Poundses contended Bean and Davis were time-barred from attacking their voluntary surrenders for any reason.

The Poundses also argued that Bean's and Davis's voluntary surrenders complied with the statutory requirements. The Poundses acknowledged that Bean's voluntary surrender was executed on May 4, 2020, four days after A.G.B.'s birth; however, the Poundses claimed that on May 7, 2020, Bean met with Knight and Emily Pounds at a pediatrician's office in order to have Knight place her notary seal on Bean's surrender and that Bean "reaffirmed her signature and intent to surrender [A.G.B.]" on that date. The Poundses argued that Davis waived any pre-surrender counseling and pointed out that a biological father is not required to wait at least 5 days after his child's birth to execute a voluntary surrender. The Poundses urged the trial court to "consider a totality of the evidence and circumstances" when deciding whether to approve the voluntary surrenders. The Poundses requested the trial court

"grant their exception of prescription as to petitioners['] motion to annul the voluntary surrenders of Olivia Bean and Treshawn Davis as to [A.G.B.]"

On October 27, 2020, the trial court consolidated Bean and Davis's custody suit with the Poundses' adoption proceedings.

On November 10, 2020, Bean and Davis filed an opposition to the Poundses' exception of prescription.[6] Bean and Davis argued their May 28, 2020 objection to adoption interrupted the 90-day prescriptive period in La. Ch. Code art. 1148, because their October 15, 2020 opposition to adoption and motion to dissolve is an amendment of their May 28, 2020 objection to adoption. Bean and Davis asserted their opposition to adoption and motion to dissolve acts of surrender were not filed until October 15, 2020, because the Poundses waited until October 13, 2020 to file their application for adoption seeking approval of Bean's and Davis's voluntary surrenders. Bean and Davis asserted they were not seeking to annul their voluntary surrenders under La. Ch. Code arts. 1147 and 1148 on the basis of fraud or duress, but were seeking to dissolve the surrenders under La. Ch. Code art. 1122 based on the multiple statutory deficiencies. Bean and Davis also argued Bean's voluntary surrender, executed only four days after A.G.B.'s birth, should be considered an intent to surrender under La. Ch. Code art. 1107.2, and therefore, should be dissolved pursuant to La. Ch. Code art. 1107.7, because Bean did not thereafter execute a voluntary surrender five days after A.G.B.'s birth. Bean and Davis restated the alleged deficiencies contained in their voluntary surrenders, as noted in their opposition to adoption and motion to dissolve surrenders, and argued Knight's October 6, 2020 affidavit was insufficient to demonstrate that Bean had adequate legal representation based on the face of the surrenders. Bean and Davis noted that under La. Ch. Code art. 1104, an "act of surrender shall be presumptive evidence of

---

[6] Bean and Davis's opposition to the Poundses' exception of prescription contains the captions for both Bean and Davis's custody suit and the Poundses' adoption proceedings, but only contained the trial court docket number for the custody suit.

7

a legal and voluntary surrender only if it contains every element required by Article 1122[.]" Bean and Davis attached several exhibits to their opposition to the Poundses' exception of prescription, including the following: (1) Bean's and Davis' voluntary surrenders; (2) the objection to adoption, filed on May 28, 2020; (3) A.G.B.'s birth certificate; (4) Escousse's adoption assessment of Bean; (5) Escousse's affidavit; and (5) Knight's October 6, 2020 affidavit.

On November 12, 2020, a hearing was held on the Poundses' exception of prescription.[7] Following argument, the trial court granted the Poundses' exception of prescription, which it construed as an exception of peremption, based on the fact that Bean and Davis failed to file an action to annul their surrenders within 90 days of execution thereof, as required by La. Ch. Code art. 1148.[8] The trial court ordered A.G.B. to remain in the custody of the Poundses.

On December 2, 2020, the trial court signed a written judgment as follows[9]:

### [JUDGMENT] OF THE COURT

The above captioned matter was before this Honorable Court on November 12, 2020 because of an exception of p[er]emption filed by the defendants, Emily and Reid Pounds in response to the Plaintiff's Petition for Custody filed on or about July 13, 2020. After both parties filed motions with incorporated memorandum and opposition to the exception filed by the [defendants], arguments through counsel, this Honorable Court orders the following:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the exception filed by the defendants as to p[er]emption pursuant to Louisiana Civil Code of Procedure Article 927, Louisiana [Civil Code] Article 3458 and Louisiana Children's Code [A]rticle 1148, is granted. Any and all recommendations as to the custody petition by the Plaintiffs shall have no effect as to the Petitioners filing on or about

---

[7] Judge Mary Clemence Devereux presided over the hearing.

[8] At the hearing, the exhibits attached to Bean and Davis's opposition to the Poundses' exception of prescription were admitted into evidence.

[9] The December 2, 2020 judgment consists of two pages. The first page contains the caption of Bean and Davis's custody suit (trial court docket no. 114,862) and the judgment language granting the Poundses' exception of peremption and ordering A.G.B. to remain in the custody of the Poundses pending further order of the court. The second page contains the caption of Bean and Davis's custody suit (trial court docket no. 114,862), the order language setting and resetting the Poundses' exception of prescription, and the trial court's signature and date.

8

July 13, 2020 especially the hearing officer recommendation from October 16, 2020.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the minor child, [A.G.B.] shall remain in the sole custody of Emily and Reid Pounds until further order of this court or any court with subject matter jurisdiction and venue.

\* \* \*

### ORDER

**IT IS HEREBY ORDERED** that the peremptory exception of prescription be set for contradictory hearing on October 27, 2020 or any other date set by this Honorable Court prior to any ruling of custody, Petition to annul surrender of parental rights, or the adoption in the above captioned matter.

**IT IS HEREBY ORDERED** that all matters in the above captioned matter be reset until this peremptory exception of prescription can be heard on the 14 day of January, 2021 @ 9:30 AM. Until the exception is heard, the minor child shall remain in the custody and care of Reid and Emily Pounds who have cared for her from birth until present, the only parents she knows.

Bean and Davis appealed the trial court's judgment granting the Poundses' exception of peremption. However, on April 16, 2021, this court dismissed the appeal for want of appellate jurisdiction, finding the trial court's December 2, 2020 judgment to be ambiguous as to the specific relief granted, and further finding the judgment to be defective and not a final judgment for the purpose of appeal because it did not contain the required decretal language. See **Bean v. Pounds**, 2020-1336 (La. App. 1st Cir. 4/16/21), 2021 WL 1438311, \*2-3 (unpublished).

On May 11, 2021, Bean and Davis filed a "Motion for Amendment of Final Judgment Dated November 12, 2020" and attached thereto a "Final [Judgment] on the Exception of P[er]emption filed by Defendants, Emily Pounds and Reid Pounds." The proposed judgment submitted by Bean and Davis contains language granting the Poundses' exception of peremption and dismissing "all claims of Plaintiffs, Olivia Bean and Treshawn Davis, against Defendants, Emily Pounds and Reid Pounds, with prejudice, each party to bear their own costs." Notably, the

motion for amendment of final judgment and the proposed judgment filed by Bean and Davis contain only the caption of the custody suit (trial court docket no. 114,862).

On June 28, 2021, the trial court granted Bean and Davis's motion for an amended judgment, but instead of signing the proposed judgment submitted by Bean and Davis, the trial court signed a written judgment, which states, in pertinent part, as follows:

> Considering the entire record, including the Exception and the Opposition to Adoption and Motion to Dissolve Acts of Surrender, the Memoranda filed by the parties, the argument of counsel, the evidence and the law, and for the reasons announced in Open Court, this Court enters Judgment as follows:
>
> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Exception of Prescription (sic) filed by Emily Pounds and Reid Pounds is GRANTED and the claims asserted by Olivia [Lyn] Bean and Treshawn Daraie [Davis] in the pleading entitled Natural Parents' Opposition to Adoption and Motion to Dissolve Acts of Surrender are dismissed, with prejudice, each party to bear their own costs.
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the minor child, [A.G.B.], shall remain in the sole custody of Emily Pounds and Reid Pounds until further order of this Court.
>
> Judgment rendered in open court on November 12, 2020.
>
> Judgment read and signed on June 28, 2021.[10]

Notably, the June 28, 2021 judgment contains the captions of Bean and Davis's custody suit and the adoption proceedings, but lists only the trial court docket number for the custody suit (trial court docket no. 114,862). The notice of judgment for the June 28, 2021 judgment only contains the caption of Bean and Davis's custody suit (trial court docket no. 114,862).

On July 2, 2021, Bean and Davis filed a "Supplemental Petition for Custody and Request for Designation of Counsel Regarding the Request for Approval of the

---

[10] Judge Patrice W. Oppenheim was the presiding trial court judge at this point and had the authority to sign the June 28, 2021 judgment pursuant to La. R.S. 13:4209(B).

Birth Parents' Surrenders" in their custody suit (trial court docket no. 114,862). In their supplemental petition for custody, Bean and Davis included allegations that Bean's voluntary surrender cannot be approved by the trial court for the following reasons: (1) Bean's voluntary surrender was executed only four days after A.G.B.'s birth; (2) Bean's voluntary surrender was not notarized, and therefore is not an authentic act; (3) Bean's voluntary surrender does not list Davis as A.G.B.'s father, nor does it provide his current address; (4) Bean's voluntary surrender lists two courts as the court where the surrender is to be filed; (5) Bean's voluntary surrender incorrectly states that it is not being executed prior to the fifth day after her child's birth; (6) Bean's voluntary surrender lacks the required language declaring that Bean was advised of the voluntary registration law, whereby contact can be established between the birth parent and the surrendered child upon the child's reaching majority; (7) Bean's voluntary surrender was not signed by the Poundses or their attorney; and (8) Bean was not represented by independent legal counsel, as her attorney, Knight, signed Davis' voluntary surrender as the attorney for the adoptive parents.

Bean and Davis alleged Davis's voluntary surrender cannot be approved by the trial court for the following reasons: (1) Davis's voluntary surrender is not notarized, and therefore, is not an authentic act; (2) Davis's voluntary surrender states that his child has not yet been born, although A.G.B. was four days old at the time; (3) Davis's voluntary surrender lists Knight as the attorney for the adoptive parents, despite the fact she signed Bean's surrender as her attorney; (4) Davis's voluntary surrender incorrectly states that Davis completed two pre-surrender counseling sessions, although he did not; (5) Davis's voluntary surrender lacks the required language declaring that Davis was advised of the voluntary registration law; and (6) Davis was not represented by independent legal counsel because his attorney

11

at the time of his surrender, Bryan Harris, worked in the same law office as William Arata, who represented the Poundses.

Additionally, Bean and Davis alleged the Poundses failed to file the voluntary surrenders within three days of the execution thereof, as required by La. Ch. Code art. 1131(A), and failed to seek leave of court with good cause shown for the delay in filing the voluntary surrenders, as required by La. Ch. Code art. 1131(C). Bean and Davis noted that under La. Ch. Code art. 1131(D), a trial court is required to "promptly review" voluntary surrenders once filed, and if a voluntary surrender fails to comply with the statutory requirements, the trial court is obligated to "immediately" notify counsel of record to remedy the defects. Bean and Davis alleged that Knight and Harris have conflicts of interest, and therefore requested their newly retained counsel be designated as counsel of record regarding status of the surrenders. Bean and Davis further alleged their voluntary surrenders cannot be used as presumptive evidence of their consent to surrender under La. Ch. Code art. 1104 because their voluntary surrenders fail to comply with La. Ch. Code art. 1122. Bean and Davis requested the trial court deny approval of their voluntary surrenders, maintain their objection of the adoption of A.G.B., return A.G.B. to their custody immediately, and designate their newly retained counsel as their legal representatives in the proceedings.

On July 19, 2021, the Poundses filed a pleading entitled "Res Judicata and Tolling of Peremptive Periods for Annulment or Attack on Voluntary Surrender" in Bean and Davis's custody suit (trial court docket no. 114,862). The Poundses argued Bean and Davis's supplemental petition for custody contained allegations regarding the validity of their voluntary surrenders that were previously raised in their objection to adoption and motion to dissolve surrenders. The Poundses asserted those issues were raised and considered by the trial court during the November 12, 2020 hearing on the Poundses' exception of prescription, and the trial court

12

ultimately found those claims to be perempted. The Poundses acknowledged that in **Bean**, 2021 WL 1438311, at \*2-3, this court determined that the trial court's December 2, 2020 written judgment is not a final judgment, but pointed out that a new written judgment was signed by the trial court on June 28, 2021, which they argued is a final judgment. Therefore, the Poundses argued the June 28, 2021 judgment is a *res judicata* bar to the claims asserted by Bean and Davis in their supplemental petition for custody. The Poundses also argued Bean's and Davis's voluntary surrenders are valid, specifically arguing Knight's placement of a notary stamp on Bean's surrender on May 7, 2020 corrected the premature execution of Bean's surrender on May 4, 2020. The Poundses further argued any action to annul Bean's and Davis's voluntary surrenders is perempted under La. Ch. Code art. 1148.

The Poundses attached the following exhibits to their exceptions of *res judicata* and peremption: (1) Knight's October 6, 2020 affidavit; (2) Bean's voluntary surrender; (3) Escousse's adoption assessment of Bean and affidavit; (4) medical records for A.G.B. dated May 7, 2020; and (5) the trial court's June 28, 2021 judgment. The Poundses also attached an affidavit by Knight, dated October 3, 2020, wherein Knight attested to the following pertinent facts: (1) she is the attorney who notarized Bean's voluntary surrender; (2) she informed and advised Bean that as her attorney, she could not be, and was not, employed by Arata, nor was she employed by any firm representing the Poundses; (3) she advised Bean prior to her signing the voluntary surrender that the document would permanently terminate her parental rights; (4) at the time of execution of the voluntary surrender, Bean had participated in two back-to-back pre-surrender counseling sessions; (5) on May 7, 2020, she met with Bean and Emily Pounds outside A.G.B.'s pediatrician's office because the pediatrician would not accept Bean's voluntary surrender without a notary stamp; (6) on May 7, 2020, she reviewed the voluntary surrender with Bean

13

again and Bean confirmed she still consented to the surrender of A.G.B. to the Pounds; and (7) she then "certified" the document on May 7, 2020.[11]

On July 27, 2021, a hearing was held on the Poundses' exceptions of *res judicata* and peremption.[12] Following argument by the parties, the trial court granted the Poundses' exception of *res judicata*, finding the June 28, 2021 judgment granting the Poundses' exception of prescription to be a final judgment, and further finding the issues raised in Bean and Davis's supplemental petition for custody "were already presented to the court in November of 2020[.]" Thereafter, the trial court denied the Poundses' exception of peremption as moot.

On November 10, 2021, the trial court signed two judgments memorializing its July 27, 2021 ruling in open court. One judgment provides, in pertinent part:

> **IT IS HEREBY ORDERED, ADJUDICATED AND DECREED,** the supplemental petition for custody filed [by] Olivia [Lyn] Bean and Treshawn Dardie Davis on July 2, 2021 is hereby denied based upon a finding of Res Judicata with the court having ruled on this cause of action previously on November 12, 2020.
>
> **IT IS HEREBY FURTHER ORDERED, ADJUDICATED AND DECREED** the request that the court disapprove or set aside the surrender of parental rights signed by Olivia [Lyn] [Bean] and Treshawn Dardie Davis is denied upon a finding of Res Judicata with the court's ruling as to this cause of action on November 12, 2020.
>
> (Judgment rendered on July 27, 2021)[13]
>
> **JUDGMENT READ, AND SIGNED IN CHAMBERS** this 10 Day of November, 2021, Franklinton, Louisiana.

The other judgment signed by the trial court on November 10, 2021 provides, in pertinent part:

---

[11] There is no indication, from the face of Bean's voluntary surrender, that it was signed by Bean on May 7, 2020, notarized by Knight on May 7, 2020, or witnessed by the signing witnesses on May 7, 2020. See La. Ch. Code art. 1122(E) and La. Civ. Code art. 1833.

[12] At the July 27, 2021 hearing, counsel for the Poundses asked the trial court to "take judicial notice of the entire record[.]" However, the exhibits attached to the Poundses' exceptions of *res judicata* and peremption were not introduced or admitted into evidence at the hearing.

[13] Handwritten by the trial court.

**IT IS ORDERED, ADJUDGED AND DECREED** that the Exception of Res Judicata filed on behalf of Emily Pounds and Reid Pounds is hereby granted.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Tolling Peremptive Periods for Annulment or Attack on Voluntary Surrender is moot.

JUDGMENT ~~READ and~~[14] RENDERED on this 27th day of July 2021.

[JUDGMENT] (READ AND)[15] SIGNED on this 10 day of November 2021.

Bean and Davis filed a writ application seeking review of the trial court's November 10, 2021 judgments granting the Poundses' exception of *res judicata*, and denying their supplemental petition for custody and their request that the trial court disapprove their voluntary surrenders.[16]  On January 4, 2021, we granted *certiorari* in this matter to consider the propriety of the trial court's November 10, 2021 judgments.

## DISCUSSION

*Res judicata* bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. **Avenue Plaza, L.L.C. v. Falgoust**, 96-0173 (La. 7/2/96), 676 So.2d 1077, 1079; La. R.S. 13:4231.  It promotes judicial efficiency and final resolution of disputes. **Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.**, 95-0654, 95-0671 (La. 1/16/96), 666 So.2d 624, 631.  Louisiana Revised Statute 13:4231 defines the doctrine of *res judicata* as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

---

[14] Struckthrough by the trial court.

[15] Handwritten by the trial court.

[16] The trial court granted Bean and Davis's request to stay the adoption proceedings pending a decision from this court on their writ application.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court has emphasized that pursuant to La. R.S. 13:4231, the following five elements that must be satisfied for a finding that a second action is precluded by *res judicata*: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053.

The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection. **Union Planters Bank v. Commercial Capital Holding Corp.**, 2004-0871 (La. App. 1st Cir. 3/24/05), 907 So.2d 129, 130. If any doubt exists as to its application, the exception raising the objection of *res judicata* must be overruled and the second lawsuit maintained. **Denkmann Assocs. v. IP Timberlands Operating Co.**, 96-2209 (La. App. 1st Cir. 2/20/98), 710 So.2d 1091, 1096, <u>writ denied</u>, 98-1398 (La. 7/2/98), 724 So.2d 738. The concept should be rejected when doubt exists as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. **Patin v. Patin**, 2000-0969 (La. App. 1st Cir. 6/22/01), 808 So.2d 673, 676. The *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo*. **Pierrotti v. Johnson**, 2011-1317 (La. App. 1st Cir. 3/19/12), 91 So.3d 1056, 1063.

Louisiana Revised Statute 13:4232 sets forth exceptions to the application of *res judicata*, including "[w]hen exceptional circumstances justify relief from the *res*

*judicata* effect of the judgment[.]" La. R.S. 13:4232(A)(1). The discretion given to courts to grant relief from the *res judicata* effect of a judgment based on exceptional circumstances allows the courts to balance the principle of *res judicata* with the interests of justice. This discretion must be exercised on a case-by-case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of *res judicata* would be defeated. Official Comment—1990 to La. R.S. 13:4232. As explained by this court, the exceptional circumstances exception provided in La. R.S. 13:4232(A)(1) generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties. **Kevin Associates, LLC v. Crawford**, 2004-2227 (La. App. 1st Cir. 11/4/05), 917 So.2d 544, 549, writ denied, 2006-0220 (La. 5/5/06), 927 So.2d 311.

As discussed above, the record of these consolidated cases reveals a convoluted procedural history. The voluntary surrenders executed by Bean and Davis were not filed by the Poundses until October 13, 2020, more than 160 days after their execution. Pursuant to La. Ch. Code art. 1131(A), within three days after a voluntary surrender becomes irrevocable under La. Ch. Code art. 1123,[17] the

---

[17] Louisiana Children's Code article 1123 provides:

A. An Act of Surrender shall be irrevocable upon execution except as provided in Article 1130.

B. An authentic act of voluntary surrender executed by a parent grants the legal custody of the child identified in the act to the agency or person named or represented in the act and grants the irrevocable consent of the surrendering parent and his representative, if applicable, or the child's tutor, to the subsequent adoption of the child surrendered to the agency or to the adoption of the child by the person named or represented in the act except as provided in Paragraph D.

C. The agency, firm, or lawyer facilitating the adoption shall provide the surrendering parent, upon request, with a notarized statement that the final judgment of adoption was legally rendered. The statement shall not disclose the identity of the adoptive parents.

D. If for any reason an adoption cannot be accomplished, the Act of Surrender may be dissolved by a court of competent jurisdiction.

attorney for the prospective adoptive parents shall file the voluntary surrender. A voluntary surrender may be filed later than three days after execution "only with leave of court for good cause shown." La. Ch. Code art. 1131(C). The purpose of the requirement that a surrender be filed within three days "is to ensure court review of the status of every child who has been surrendered for adoption and to secure permanency planning for the child." La. Ch. Code art. 1131, Official Comments— 1991, comment (a).

Furthermore, although the Poundses attached to their application for adoption a proposed order for the trial court to approve Bean's and Davis's voluntary surrenders, there is no indication in the record of these consolidated matters that the trial court has reviewed the voluntary surrenders and made a determination as to their sufficiency.

> Louisiana Children's Code article 1131(D) provides:
>
> Upon filing, the court **shall promptly review the surrender** and any accompanying documents to ensure their sufficiency in accordance with Article 1104.[18] **If any document fails to comply with the requirements of this Title, the court shall immediately notify all counsel of record and may refuse to accept the surrender until such time as the defects are remedied.** If the surrender and documents are found to comply with the requirements of this Title, the court shall enter an order approving the surrender and immediately notify all counsel of record.

(Emphasis added; footnote added). The Official Comment—1999 to La. Ch. Code art. 1131, explains, in pertinent part:

> Previous law did not require court review of the sufficiency of the surrender and the Preplacement Certification for Adoption, although by local rule, several juvenile courts have undertaken that obligation.

---

[18] Louisiana Children's Code article 1104 provides:

> A. To the extent there are special provisions set forth in this Title, a voluntary act of surrender executed pursuant to this Title is subject to the provisions herein and not to conventional obligations law.
>
> B. The act of surrender shall be presumptive evidence of a legal and voluntary surrender only if it contains every element required by Article 1122, and is in all other respects executed in accordance with the provisions of this Title.

Paragraph [D][19] seeks to standardize that good practice and to ensure that counsel for both the surrendering parent and the adopting parents, if then known, are given notice of any deficiency. The reviewing court ought not to refuse a surrender and delay an adoption due to some immaterial typographical or other technical error; such errors can be easily cured and ought not imperil the adoption. In contrast, if the surrender lacks one of the essential declarations of Article 1122 that are required to ensure a knowing and voluntary relinquishment of parental rights, then the court quite properly should reject the surrender and require amendment. The standard governing the court's review is the assurance of Article 1104(B) that a surrender that complies with the requirements of this title is presumptive evidence of a legal and voluntary surrender.

(Footnote added).

Once the Poundses filed their application for adoption, Bean and Davis immediately filed an opposition to adoption and motion to dissolve their surrenders, pointing out the multiple statutory deficiencies in their voluntary surrenders. In response, the Poundses filed an exception of prescription in Bean and Davis's custody suit (trial court docket no. 114,862), but not in the adoption proceedings (trial court docket no. 115,132) where Bean and Davis' opposition to adoption and motion to dissolve acts of surrender was pending. Notably, the Poundses' exception of prescription was directed towards "petitioners['] motion to annul the voluntary surrenders of Olivia Bean and Treshawn Davis[.]" However, Bean and Davis did not file a motion to annul their surrenders in their custody suit (trial court docket no. 114,862). While Bean and Davis's custody suit (trial court docket no. 114,862) was later consolidated with the adoption proceedings (trial court docket no. 115,132), the filing of a pleading or motion in one of two or more consolidated cases does not procedurally affect the others. The substance and purpose of such a pleading, the cause of action to which it relates, the parties actually affected, and the particular suit record or records in which it was filed must be considered to determine if it applies to only one or more of the consolidated actions. **Ricks v. Kentwood Oil**

---

[19] It is noted that La. Ch. Code art. 1131 was amended in 2003 to redesignate subsection (C) to subsection (D). Acts 2003, No. 564, § 1. However, Official Comment—1999 to La. Ch. Code art. 1131 has not been updated to reflect this change.

**Co.**, 2009-0677, 2009-0678 (La. App. 1st Cir. 2/23/10), 38 So.3d 363, 366, <u>writ denied</u>, 2010-1733 (La. 10/15/10), 45 So.3d 1112.

Notwithstanding these facts, on June 28, 2021, the trial court signed a judgment dismissing with prejudice the claims asserted by Bean and Davis in their opposition to adoption and motion to dissolve acts of surrender. Bean and Davis's supplemental petition for custody contains allegations involving statutory deficiencies with their voluntary surrenders, most of which were previously raised in their opposition to adoption and motion to dissolves acts of surrender. However, we find exceptional circumstances warrant relief from any *res judicata* effect of the trial court's June 28, 2021 judgment. To allow the trial court's June 28, 2021 judgment to act as a *res judicata* bar to Bean's and Davis's request that the trial court undertake its statutory obligation to review their voluntary surrenders would completely frustrate the purpose of La. Ch. Code art. 1131(D)—to ensure that an act of surrender meets the statutory requirements to be considered presumptive evidence of a legal voluntary surrender under La. Ch. Code art. 1104(B). <u>See</u> Official Comment—1999 to La. Ch. Code art. 1131. The interests of justice would not be served by such a result, particularly considering the well-established rule that laws pertaining to adoption are in derogation of the natural rights of the biological parent to his or her child and must be strictly construed in favor of the biological parents. **In re C.B., Applying for Adoption**, 94-0755 (La. 10/17/94), 643 So.2d 1251, 1254. Accordingly, we find the trial court erred by granting the Poundses' exception of *res judicata*, and dismissing Bean and Davis's supplemental petition for custody and their request that the trial court disapprove their acts of surrender. We hereby remand this matter to the trial court to conduct the required review of the voluntary surrenders executed by Bean and Davis on May 4, 2020 and to make a determination as to their sufficiency, as required by La. Ch. Code art. 1131(D), within 30 days from the date of issuance of this judgment.

20

# CONCLUSION

For the above and foregoing reasons, we grant the writ application filed by plaintiffs, Olivia Lyn Bean and Treshawn Daraie Davis. The portion of the trial court's November 10, 2021 judgment granting the exception of *res judicata* filed by defendants, Emily Pounds and Reid Pounds, is reversed and the exception of *res judicata* is denied. The portion of the trial court's November 10, 2021 judgment denying the supplemental petition for custody filed by Olivia Lyn Bean and Treshawn Daraie Davis and their request that the trial court disapprove their voluntary surrenders is vacated. This matter is remanded to the trial court with instructions to review the voluntary surrenders executed by Olivia Lyn Bean and Treshawn Daraie Davis to determine their sufficiency, as required by La. Ch. Code art. 1131(D), within 30 days from the date of issuance of this judgment.

**WRIT GRANTED WITH ORDER. JUDGMENTS REVERSED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.**